Call the next case. After things settle down, we would ask that the attorneys for the Parkins case approach the podium and tell us who you are and who you represent. Good morning, Your Honors. My name is John Sudeikis. I represent the appellant, Plaintiff Parkins, who was the plaintiff in the trial court. Good morning. My name is Richard Danaher, and I represent the City of Chicago. Good morning, Your Honors. Assistant State's Attorney Benjamin Bilton on behalf of the Cook County Treasurer. Good morning. Amanda Jones, representing Far South Community Development Corporation. Now, I sent an order earlier regarding the time limits. Refresh my memory. How much time did I give the appellees? Your Honor, your lot of the city, ten minutes, and then my colleagues, five minutes apiece. Okay. So you have 20 minutes, then. You can see from the prior argument that we do keep an eye on things, but we want to keep it interesting and keep it moving. We'll keep asking questions. God willing. May it please the Court. My name is John Sudeikis. I represent the appellant, Raymond Hawkins. There's only one issue here this morning. It's how Mr. Hawkins has to proceed. He's seeking to declare a Special Service Area 45 void because the city failed to meet two statutory requirements in setting it up. The city and the other defendants want to know how to proceed. They want to push Mr. Hawkins into the property tax code. Mr. Hawkins thinks the proper way to go is by declaratory judgment action in the circuit court. The Second District and People's already addressed this issue. It said its own investigation uncovered no case law in which a Special Service Area was challenged via administrative review, which essentially is what a property tax code appeal would have been. And it said, by contrast, we found cases in which plaintiffs sought declaratory judgments regarding the validity of Special Service Areas and ordinances, and there's no question that they were valid. There's no suggestion that they were improper vehicles for such a determination. But the timing was different in People's. Was it not, counsel? I agree with you that the facts are slightly different, Your Honor, but I don't think the end result should be. Part of the problem that you have is let's assume that Mr. Hawkins has to be forced into the property tax code route. So he goes and he supposedly files with the assessor. Some of the defendants seem to claim that he can go straight to the circuit court of Cook County. The way I read the property tax code is first he has to file with the assessor, go through the property review procedure, and then finally end up in the circuit court on administrative review. So, I mean, assume that he has to go to the assessor. If you go to the assessor's website, they won't even give you any indication that they're going to look at the validity of an ordinance to decide that. The assessor's office isn't qualified to look at the validity of an ordinance. You can go and you can get the property summary sheets and the forms they tell you to fill out. They'll tell you, give us a valuation of what the property is worth. Give us a vacancy affidavit. Give us what your leases are worth. And that's how they're supposedly going to assess whether your property is overassessed or underassessed. They can't decide the validity of an ordinance. It would seem to me to be a very futile act, even if you were to go through that whole procedure and they say, well, we can't do anything for you. You've got to keep going upstairs until you finally get to the circuit court of Cook County. It seems to be a very futile act for Mr. Hawkins to go through. The reason the committee — I'm agreeing with that, counsel, for the sake of the argument. And I'm sorry I'm chewing a cough drop because I have bronchitis. The statute would seem to require it, right? And that's what your argument is, that you read the statute to require you to perform this worthless act. I don't — And I agree with you, that's how I read the statute, that you'd have to do it. And when we obey statutes, just the obeying of them, that's how we proceed. Go ahead. I don't agree with Your Honor respectfully. If the city of Chicago decided that it were to assess property taxes against Greeks because for some reason they decided let's raise them 20 percent against Greeks, you know, maybe they did something in history I don't know about, or sex or sexual orientation or gender. Would I have to file a property tax review appeal and go to the assessor's office and then go through the administrative procedure? No. I would say it's unconstitutional. I may end up in Federal court. Maybe I'll end up in State court. But I don't agree that my only route would have to be through the property tax appeal. Mr. Hawkins isn't claiming that the assessment is invalid. He's claiming the ordinance is void or invalid because the city failed to follow two statutory requirements. And Millennium Park addressed that difference. And I think it actually — they made the same arguments than Millennium Park. And they said the property tax code is your only route for which you can seek relief. And Millennium Park said, no, the unauthorized bylaw exception still applies. There is nothing in the property tax code which even addresses whether or not an assessor's office can review anything other than whether your property is over or under assessed and whether or not it should be exempt. And I think it also cited other cases, but that's controlling law. If you look at the property tax code, it says the board can only review the assessment and confirm or revise the assessment. It has no ability to say that the assessment is invalid or void because of a defective ordinance. Well, the issue, though, in Millennium Park was a tax on a leasehold as opposed to a property tax ordinance. Is that right? Yes, I agree with you, Your Honor. There is a difference there. But, of course, the unauthorized bylaw exception still exists. And if you're going to say, well, you have to go into the property tax code, okay, where in the property tax code would Mr. Hawkins fall? Supposedly, it's a complete statutory remedy. Where in the statute in the property tax code could he appeal? It says nothing about challenging the validity of an ordinance passed by a municipality. The legislature did not give them the power to review those sorts of things. His only relief is to seek a declaratory judgment. Now, if you're saying that he can file directly under the property tax code and kind of have an administrative review proceeding, well, supposedly the circuit court is going to review what was done below. That's the whole point of having an administrative review. If the assessor's office and the property tax appeals board never reached the issue, what exactly is there for the circuit court to assess? If the assessor says, we had no authority to even look at the ordinance to begin with. Declaratory judgments are really the only way to assess whether or not a municipality has complied with the existing laws in establishing a special service area. And here, it's clear that they haven't. I mean, the documents in the record show that the applicant for special service area 45 didn't even have an office in the area. And one of the requirements of the special service area is the owner of record has to start the application process. Well, we never got to that point. It seems to me that this boils down to simply, does the tax code apply? Circuit court and the defendants said that you had to bring your action under the purview of the tax code, which meant that you had to file your claim, argument, suit, complaint, within 165 days of the second installment being delinquent, correct? Yes. All right. But the problem is that that's not the exclusive vehicle for you to obtain relief where your argument is that the tax is unauthorized by law. Clarendon & Associates, North Pier Terminal, North Pier Terminal, and Millennium recognized that if the tax is unauthorized by law, you can do both. Would you agree with that? I agree, Your Honor. Okay. So the circuit court said, I'm not going to get into the declaratory because you didn't file within 165 days. And it seems to me that the circuit court ignored the question of whether the tax was unauthorized by law. And if it was, through evidence, pleadings, whatever, then he also had the authority to declare that the tax was invalid and therefore should not have been levied, should not have been paid, and should be refunded. Simply. I agree with you, Your Honor. Okay. So confusing the tax code and filing a declaratory, you could have done both, but you didn't. You did one. And the question is, by doing the one, was that sufficient to get your foot in the door and to litigate whether the special service area was properly constituted in the first instance? Because your argument, it seems to me, is that if it was not properly constituted, they had no authority to levy the tax. And if they had no authority to levy the tax, it was a tax unauthorized by law. Give us our money back. Simply. Correct, Your Honor. I believe that is exactly right. And, you know, if I can address Your Honor's issue as well. You know, simply because you allege somebody has to fall within the property tax code if you make an unauthorized assessment, let's say that perhaps they assess me higher because I'm Greek, should they be allowed then, if it's clearly void, I think we would agree, to assess what my remedy then has to be? Say, oh, no, no, we put it on your property tax code. We could have gone out and taken the money out of your bank account, but we're deciding to assess you higher because you're Greek. But you know what? We're also going to assess the remedy for you as well. You can't file in the state court of Cook County or in the circuit court of Cook County. You can't file in federal court. No, your relief has to be through the property tax code. And I think that's another problem that you have here, is that if it's unauthorized by law, which it is, they have no authority to try to channel us into the property tax code as well. And look at the problem. Why is that? Because if what they're doing is unauthorized and the property tax code doesn't apply, they don't get to apply the remedy. It seems to be rather inconsistent then. Then they could always. But would you concede that if you had proceeded in a tally manner within 165 days, that there's a good chance you'd win? Because if the judge were to believe what you say is in your allegation, your complaint is true, you would win. Now, you'd only win for Mr. Hawkins, but you would win. Would you concede that, that you're likely to win? I don't know exactly how the Property Tax Appeal Board would view assessing an ordinance, whether they would say, I don't even know if you could get this missed out, because I don't see that as something that they could review. My guess is they would say, you know. I think Justice Quinn's question is, assuming you went through the administrative you exhausted your administrative evidence and then filed a specific objection lawsuit or a tax rate objection lawsuit in the circuit court and were properly before Judge Paul on that complaint, not on a declaratory filed two years after the fact or a year after the fact. If you won that case, assuming that you were right, you would get your payment back. Correct? I'm assuming that that would be the case. And then you would have to do it for 2010 and 2011 and 2012 and 2013. You would have to do it for as long as this particular special service area was in existence under this particular ordinance that you claim is in valid. Correct. 2018 is when it ends. Right. And not only that. You would assume. Again, I don't know. You don't know what they're going to do. It's the city council. They're a different party, a different body, I should say. But it would only be rational for them to say, oh, we lost this. The circuit court, Judge Paul threw it out. They throw it out. Again, understanding that everybody else who did not help in this case, all the other taxpayers would gain from your hard work. It would be difficult for me to believe even the city of Chicago would continue to enforce. In these budget crises? Yeah, even then. Understanding they're broke. They're all broke. I work for the government. They're broke. They're not kidding either. They're broke. See, the other problem you have, though, Your Honor, is let's assume that he doesn't win. Don't you think the city would say to anybody else who filed, hey, it's res judicata. And then you have the problem was were these people represented properly by Mr. Hawkins? It seems, you know, you have due process and you have a class certification statute out there. But you go back to that, then. So let's take the next step, as you say, the class certification process. How do you get around the class certification problem? What does the statute specifically say? Tax objections cannot be handled as a matter of class actions. I don't think it's a tax objection case. So I don't think that I need to fall within their purview. I think I can file a class action. And why shouldn't I be able to? Should I really have 300 people or whatever it is going into court every year seeking the same determination? And what happens if I get different determinations by different judges? Well, that was an issue raised, I'm sure, you hope, by the state legislature, a different legislative body. That would have been the idea to prevent that. And there's a class action bar out there, such as it is, that would have pointed out those severe problems. And the legislature, in their infinite wisdom, said, well, that's tough. We're going to go with it. No class actions in this area. But I don't think we've reached that part yet. Right. You're assuming that the property tax code applies, which, of course, we say it does not. Really, it's an issue of law, and it's right for a class action. It's only two questions, whether or not you should be – whether or not, as a matter of public record, because we do think you should reach the merits of the claim. SSA 45 was established by somebody outside its area, which it was. I mean, if you look at documents in the record, there's the application in C-13 in the record. Sir, that brings up a question in my mind. If we were to send it back for a declaratory, as you would like, is it a given that no proper owner of record was the petitioner in this matter, and or that there was no recording within 60 days? Is that a given, or is that going to be sent back for fact-finding before the chancellor? I think it's a given, Your Honor. If you look at C-13 in the record, that's actually the cover letter for the application. And if you look at C-15, that's the actual application, which seems to have been given. And then C-18 through C – C-17 through C-19 are the people that are going to be affected by the ordinance. With all due respect, though, I've never actually seen an application from other SSAs. I think one of the arguments was that wasn't the complete application. They're not saying that, okay, they were – Far South was the applicant. They're saying, okay, that's not the complete application. It seems to me from the record that they were the applicant. Nobody has denied it in the trial court. They haven't denied it here either. You can actually go to the City of Chicago website and look at all of the SSAs that are listed there, and they have to file economic disclosure statements every year with budgets. And the applicant is Far South. They can make the argument it may be the applicant for the economic disclosure statement or the one doing the services is Far South. It seems to me when they use the word applicant, that was the one who established SSA-45. So it seems to me public records clearly indicate, as well as the record, that Far South was the owner of records. But those are not stipulated facts. I mean the city, to the best of your knowledge, would contest your version of the facts. They contest it by saying, well – They haven't admitted that. That's true. Okay, so we don't know whether you're right or whether the city is. I think public records and the records show that, Your Honor. That's your opinion. Yeah. There's no factual finding to that effect. I agree that there's no factual finding to that effect. As to the recording, the whole purpose of the recording statute, of course, is to put people on notice that something has been recorded against a piece of property. And that's why they even put in the statute, if you don't record it within 60 days, it's invalid. And I think, you know, for legislative interpretation, when they put what the result is, if you don't comply, courts are much more likely to enforce it. And public records will clearly show that SSA-45 is not recorded against all of those property owners. You can go, and I'm sure Your Honors have better things to do, but maybe you have diligent clerks. You can go and look through all of the property tax PIN numbers on the Cook County Assessor's website, and you can actually pull up everything that's recorded against the property, your mortgages, whatever else. You will not find, at least as far as last week, for Hawkins and the rest of these people, SSA-45 being recorded against those properties. The city's argument is, well, we filed it with the recorder of deeds. Now, there's nothing in the record which indicates they filed it with the recorder of deeds. They're just saying that in the brief and we asked that it be stricken. But filing and recording are two different things. The whole purpose of recording is to make sure that the public and everybody else knows, because perhaps there are people that want to buy this property, that something is recorded against the property and gives them notice. Clearly, public records show that it's not recorded. And unless Your Honors have any other questions, I know they have a lot of time to go, and I'd like to save whatever time I have for rebuttal. We have plenty of time for rebuttal, Mr. Lankford. Thank you, Your Honors. Thank the argument. Who's going to go first? May it please the Court. My name is Richard Dannerher, Senior Counsel with the City of Chicago Law Department. This case comes to the Court on appeal of the Circuit Court's dismissal of Hawkins' complaint objecting to the City's 2009 letter of property taxes to fund SSA-45.  And requesting a refund of those property taxes. Now, dismissal is granted pursuant to 2-619, and that was filed by all defendants in this case. And under 2-619, all allegations are accepted as true for purposes of the motion and for purposes of argument before the Court today. Now, in 2009, the City passed the ordinance creating SSA-45 and levying the taxes to fund SSA-45. The City Council acted pursuant to the Illinois Constitution and the provisions of the Property Tax Code in creating SSA-45. Those are arguments as to your position that it's a validly enacted ordinance, right? That is correct. But the case was dismissed because Judge Paul said under 2-619 he did not have jurisdiction because it's a tax case, it should be brought under the tax code, and it had to have been filed within 165 days of the second installment payment, correct? That is correct. All right. So the question really gets down to, is this a properly pled, or is this, it is properly pled under 2-619, and the allegations as I read them is that the City tried to establish a special service area, it didn't do it compliant with the statute, and therefore it's not a legally constituted special service area, and therefore any tax levy based upon that enactment is unauthorized by law. Isn't that basically what he's saying? That is what he's saying. However, it's... Okay. Now, if he's saying that, are you saying that the only way a taxpayer can contest a law that is pled as being unauthorized by law, the only way you can attack the levy is through the Property Tax Code? The only way you can attack the levy is through the Property Tax Code. That is correct. Now, what about Clarendon & Associates v. Korzen, North Pier Terminal, and, in fact, Millennium Park, which hold for the proposition that, yes, typically the tax code provides an exclusive and adequate remedy at law for tax objection issues, except if there is an allegation properly pled that the tax is unauthorized by law, it can be brought through a declaratory action preceded. You would agree with that? I would agree that's the state of the law, yes. Okay. So why didn't Judge Paul have authority to hear the declaratory? Because the tax was authorized by law. But if the complaint was properly pled, at that point, it wasn't an authorized special service area. Hawkins' complaint is that there were procedural missteps with regard to the passage of the ordinance creating the SSA and imposing the levy. Well, wait. If it was improperly enacted, then it was not legal, correct? I mean, if he's right. I'm not saying he's right. That is not correct. If you look at the statute with regard to special service area, the language that's used is that the tax will be invalid. It also says the ordinance will be invalid. If the statute is not complied with. Is that right? Yes. Okay. So if it's an invalid tax, isn't that unauthorized? No. That does not mean it's unauthorized by law. What does it mean? There's a difference between unauthorized by law, which means that the government entity has no power whatsoever to act in that area. Reference was made to the Millennium Park case. Wait a minute. So what's an invalid tax or unauthorized tax? Well, unauthorized, pointing you to the Millennium Park case. Point me to the special service. If you don't comply with the statute creating a special service area and you go ahead and levy a tax, okay? Yes. Is that tax, what, invalid, unauthorized? What is it? It is invalid. And your relief, as outlined by the legislature, is pursuant to the property tax code, where any objections to either levies, assessments, or taxes are to be brought pursuant to the property tax code. So the property tax code invalidated Clarendon and Associates v. Korsen? It invalidated North Pier Terminal? No, it did not invalidate any of those. Okay. So that allows for an unauthorized tax, unauthorized by law, can be attacked through a declaratory. I would agree with that proposition. And isn't that what the plaintiff is doing here? The taxes are not unauthorized. But Judge Paul didn't reach that, right? He just said, because you didn't file within a timely statutory time, I'm not reaching that. I'm throwing it out because under the tax code, you're not timely. Judge Paul's ruling was that this matter was a tax objection seeking a refund. Under the property tax code, that type of matter must be brought pursuant to the property tax code. The briefs that replete us is the record. They couldn't have been clearer, the plaintiff, Mr. Hawkins and his lawyer, that they were desperate to not seek just a refund, that they weren't just a tax objection. They wanted to proceed under the idea that this was unauthorized by law, right? Well, they're alleging that it's unauthorized by law to avoid the strictures of the property tax code. So should we send it back? Would you concede that we should send it back for Judge Paul to determine on the facts, actually rule on the issue of whether or not it's unauthorized by law or whether or not the city passed the ordinance correctly? No, it may not be returned to Judge Paul for that purpose. Because the case law spells out the distinction between unauthorized by law and procedural defects. Unauthorized by law means you have no power to tax in a certain area. As I was pointing out with regard to no power, do you have power to levy a tax in a special service area of the city that was never properly enacted? Do you have the authority to do that? The city and any taxing district has the power to enact an invalid levy. Year in, year out, cases are brought objecting to the levies imposed by any taxing district. And the allegations that are made are that the levy was improper for some reason or another. And ultimately, a prevailing objector bringing a timely filed case pursuant to the property tax code, if they meet their burden of proof, obtain a finding that that levy or part of that levy was invalid. And as a result of that, they will obtain a refund. And that's exactly what's being alleged here. That this levy that was imposed and passed by the city council was invalid. And that is the language that is used in the SSA statute. A failure to record within 60 days renders it invalid. A finding of invalid allows you to obtain a refund. Where does it say that in that statute? Well, I don't want to take up your time, but are you saying the statute provides that? Yes, under section 27-40. It says, nor shall a special service area create a valid tax before a certified copy of the ordinance establishing or altering the boundaries. And then there are several other references. And then it references that it has to be filed for record in the office of the recorder. The ordinance must be recorded no later than 60 days after the date the ordinance was adopted. And then an ordinance establishing a special service area recorded beyond the 60 days is not valid. That's the key distinction. The city council clearly has the authority under the Constitution and the property tax code to create an SSA and to pass a levy to fund the SSA. To the extent there are procedural defects in passing that ordinance, it renders the tax invalid subject to a timely file tax objection complaint objecting to the levy. And I'll note the reference to the Millennium Park case. In that case, that was a scenario where the assessor assessed a license. And clearly under the law, there was no authority to assess the license. There was nothing the assessor could do to rectify any procedural mistake. There was no authority from the get-go. Well, but he started with the premise that it wasn't a license. He determined that it was a lease. And it took a judicial determination to find that the document that he thought was a lease was in fact a license. And because it was a license, the assessment was unauthorized by law because the property tax code does not allow for an assessment of property taxes against licenses, although it does allow leases. So in other words, it seems to me in this case what the plaintiff is alleging, I'm not saying he's correct, but the allegation is the city went ahead and declared this area to be a special service area, did not comply with the statute, levied a tax, made these property owners pay these taxes, and they had no authority to do that because they didn't have authorization through a properly enacted special service area. So I'm asking for a judicial determination through a declaratory that what the city did was not within the confines of the statute and therefore unauthorized to collect the taxes. That really is what he's asking for. Now, if he cannot establish that, if the city can't establish that it did comply with the statute, it seems to me that Judge Paul or any other judge in the circuit court could sit there and say, no, they comply with the statute. It's a proper ordinance. The tax is valid. I'm declaring it appropriate. End of case. Again, the key difference is the assessor had no authority under the Constitution or the property tax code to assess a license. But at the time he assessed a lease, he thought it was a lease. He declared it to be a lease. It took a judicial determination not through the property tax code, not by filing a complaint within 165 days of the second installment due date, but by a declaratory action separate and apart from the tax code of saying, Mr. Assessor, you had all the right power and interest to assess a lease, but this isn't a lease. It's a license. Therefore, what you did, the tax imposed, was unauthorized by law. It may be a fine distinction, but it is a distinction nonetheless. It provided the taxpayer with a vehicle outside of the tax code to contest a tax imposed against him that he felt was unauthorized by law. Even though the assessor had the authority to assess a lease. I respectfully, again, fall back to the distinction about the source, what was the source of the assessor's authority. And ultimately, the property, the legislature in its wisdom provided a comprehensive scheme to address objections to taxes, levies, or assessments. Well, you know, I really don't want to eat up all your time, but it seems to me that if your rationale is correct, then the Millennium Park Court could have said, yes, you got an assessment and a tax on something that you had no liability under the law to pay, but because you didn't go through the revenue code, you're out of luck, which is pretty much what Judge Wilson said in his dissent. Right? I believe Judge Wilson was saying that the assessor ought to have the authority to make and the jurisdiction to make the determination whether something is a license or a lease. And the plaintiff, Millennium Park, the restaurant, chose the wrong avenue to seek relief. They chose a declaratory, and in Judge Wilson's dissent, he said, too bad, sorry. You had to go through the property tax code, and therefore you're liable for the tax, even though it was unauthorized by law. It just doesn't follow. The majority in that case said since the assessor had no authority from the get-go to assess a license, it wasn't authorized by law. The contrast I'm simply trying to make is that here the Constitution and the property tax code make clear that the city has the authority to create an SSA and issue a levy to fund the SSA. That's in stark contrast to the holding of Millennium Park, where the assessor had absolutely no authority under the property tax code to assess a license. Why fight it? Let's assume, why are we here? Obviously you think that you complied, even though they were able to say here, up to a week ago they still hadn't recorded this, which is required by the statute. You know, sometimes, frankly, a party on appeal is just, even the FLEs, are just so wrong, I wonder why they're here. Well, I would take issue with both of the underlying factual allegations with regard to the issue of not having met the elements of creating the SSA and passing the levy. As referenced before, there are matters not in the record that we should have an opportunity ultimately to complete the record if the matter were remanded. We're betting on that, I bet you will. What difference does it make? How is the city harmed by us saying we agree, if we follow, apply Millennium Park and Peebles, which again are different timing and different types of cases, to say unauthorized by law, you can't file a tax action? How disastrous is that for the city of Chicago? It has a major impact, not only on the city, but any taxing district. And frankly, that I believe is the reason for the rationale in the legislature passing the provisions, providing what they call a complete remedy for objections to taxes, assessments, or levies. And this rationale is cited in the R.D. Werner case. And it makes complete sense that an adequate remedy of law borrows equitable relief, and it's particularly appropriate in tax cases because, one, of the extensive statutory scheme that's provided, and two, it ensures taxing districts will not face protracted litigation with regard to disputes about taxes. If the unauthorized by law exception were as broad as proposed by opposing counsel, that would swallow up the statutory procedure provided for by the Illinois legislature. And the flow of taxes could be enjoined and tied up feasibly in years of litigation. So there is a very powerful policy reason underlying that legislative scheme that's provided. If I might address one other thing that I believe was brought up by opposing counsel, and it just shows a fundamental misunderstanding of the property tax code. The property tax code does not require any administrative remedies to be sought in this case,  but the property tax code only provides exhaustion of administrative remedies where an administrative remedy is provided for in the property tax code. Administrative remedies only apply with regard to objections to assessments. Neither the city nor my fellow defendants are contesting the fact that Hawkins would have to follow some type of administrative procedure. It's absolutely inapplicable. He has a remedy by going directly to the circuit court, filing an objection to the levy, a timely objection to the levy. And the issues that he raises can be addressed in the context of a timely filed tax objection case. If there are no further questions with regard to the unauthorized by law exception, I just might address the last part of Hawkins' request, which is he's asking this court to exercise original jurisdiction if the court were to decide that the case was improperly dismissed. This case is clearly not appropriate for disposition, but must be remanded for development of the record on factual and legal issues that might remain. However, we believe that the court did properly dismiss this as an untimely filed objection case under the property tax code, and we respectfully request you to affirm. And I'll cede the rest of the time to my colleagues. Thank you very much. Thank you. Who's next? May it please the Court. Assistant State's Attorney Ben Bilton on behalf of the Cook County Treasurer. Your Honors, I want to start by addressing something that was brought up in Mr. Dannher's argument, and that is I want to make clear that the Court, Judge Paul did address whether or not this was a tax that was unauthorized by law in the argument on the 2619 motion. We distinctly discussed Millennium Park. We discussed whether the defects alleged rendered this tax unauthorized by law, and Judge Paul did not believe that the faxes pled led to a tax that was unauthorized by law. And I'm sure I probably don't need to remind the Court of this, but in a 2619 motion, facts are deemed true, but conclusions of law, such as the fact that a certain tax is unauthorized by law, is not deemed true. That's reviewable by the Court. So Judge Paul did review this unauthorized by law issue, and he did not believe that the defects complained of by Mr. Hawkins amounted to a tax that is unauthorized by law. And therefore, he dismissed the case because he did not timely file a tax objection. But he ruled based on the tax code. And he really didn't have, there were no factual determinations. Were there made by Judge Paul? Because all we had was a complaint. We didn't have a counter, we didn't have an answer. We didn't have an affidavit filed by the city or anyone else. So, I mean, how could Judge Paul make that determination? Well, he could determine from the faxes pled that the defects that were pled do not arise to a tax being unauthorized by law. And I would caution the Court in that thinking, because anybody could subvert the tax code by making a mere pleading. If, for example, a common, what we call a garden variety tax complaint is overvaluation. So if someone puts in their complaint, my property was valued too high and therefore it was a tax unauthorized by law, does that demand a declaratory hearing outside of the tax code? No, because that's been dealt with by the Circuit Court of Cook County and the courts of this first appellate district and the Supreme Court for the last 40 years at least. So, you know, that's going nowhere, right? I mean, you deal with that routinely. It's just sort of ignored, right, because it doesn't happen. And there is a tax rate objection called, and tax rate objections are heard every year by the Circuit Court. But this is not a rate objection. It's an objection to the levy of taxes for Special Service Area 45.  has not heard of that because he's saying they had no authority to levy it in the first place. He's claiming they had no authority to levy it. Right. I don't believe that either the law or the facts lead to that conclusion. If the city did not follow up the law. Did the judge reach that, though? Sorry? Did the judge reach that, or did he say you didn't file it timely, you're out? He did reach unauthorized by law. I'll try and find it in the record. But page 42 of the supplemental record that was filed November 1st, 2012, the court said, unauthorized by law and avoidable ordinance. The chasm between that is about the size of the Grand Canyon, and that is the difference between void and voidable. He did review, we did discuss whether or not this defect claimed by Mr. Hawkins was unauthorized by law. We did argue that. And we did mention the Millennium Park case. That was a discussion. And that was pertinent to his dismissing the case. If Judge Paul had found in that proceeding that the complaint alleged a defect that would make that tax unauthorized by law, then this wouldn't be a tax eviction case. He wouldn't be dismissing it. It would be a precedential decision before dismissing the case. And I think he's allowed to make that determination based upon the facts as pled. Go ahead. Well, because you're the. No, move back. All right. Well, because you had mentioned Millennium Park. Right. And saying that the court needed to make a determination that it was a license or a lease. If the court had ruled. Right. Conversely, the court had said, no, this is a lease, not a license. Then it wouldn't, then it would say this was, then the court had no jurisdiction to hear the deck action. No, no, you're missing my point. If the circuit court had said and if the appellate court had affirmed, if the circuit court had said, it doesn't matter whether it's a lease or a license, you're attacking a real estate tax and you had to do it under the purview of the tax code and you didn't do it within 165 days of the second installment, you're too late. You can't file a deck action. If the circuit court had said that and the appellate court had affirmed that, then you would have had a person sitting there with a license having a liability for a tax that was not authorized by law. And the courts said, the appellate court at least, said, no, no, no, it's not a lease, it's a license. It's unauthorized by law. And so the court would have to decide whether or not a judicial determination was made that the monies paid or the monies asked for were unauthorized or an unauthorized request. That's my point. And I agree with your understanding of the case, Your Honor, but my suggestion is or what I'm saying is that the court would ultimately hold on the facts that that case was, that case involved a lease and not a license. It would have to rule that the entire declaratory action was without jurisdiction because if it was a lease, then they had to go into the property tax code. We all agree if Mr. Hawkins had filed his complaint 30 days earlier, then we'd have at least a justiciable issue to get to the merits. But does that mean by mere statement of this is unauthorized by law, he can pull out of the whole? I think, Mr. Bilton, the ruling would have been in the circuit court and the appellate court, the assessor is correct, it's a lease, the deck was properly denied, and the claim was properly dismissed because it wasn't filed under the tax code. But you have to address it. And if the plaintiff wins in the deck action, the tax code is irrelevant. And I agree with that. There you go. However, but I believe in this instance the court did review whether this was, whether these facts measured up to a tax that was unauthorized by law. And I believe under those facts and under the cases cited in our briefs, specifically R.D. Warner and the Lackey case that was cited in R.D. Warner, this particular defect does not arise to a tax that's unauthorized by law. In R.D. Warner, there was properties that were disconnected from a taxing district and that they were still taxed by that taxing district. That tax was unauthorized by law. What was found illegal, what would have been found illegal if it could have proceeded would have been the extension of that tax. And similarly in the Lackey case, there was a discussion of an annexation ordinance being void and therefore certain property could not have been annexed by the taxing district. And again, that was not an unauthorized by law tax. So the assumption that just because it's pled that it's unauthorized means it's unauthorized and we can step outside the code I think is improper. I believe the circuit court can weigh whether or not this is a tax that is authorized by law. And clearly on the pleadings, he has not pled a defect sufficient to show the tax is unauthorized by law. If he had pled that the assessor had assessed a license as opposed to a lease, he's saying the assessor has no authority to assess a license, right? If special service areas had to be brought by municipalities or cities, if a special service area was brought by an entity that wasn't a municipality or a city, if the Forest Preserve District or another non-city or municipal entity brought an SSA, and he alleges, hey, the Cook County Forest Preserve District created a special service area, they're not allowed to do that. That's unauthorized by law. But saying procedural defects made by the city in creating this SSA, rendered invalid, raises an objection to the tax. That doesn't mean a tax is unauthorized by law. And I think Judge Paul was capable of making that determination, and he did. Does any case agree with you? I believe... On SSAs? I mean, so you, I don't know. Has any case held that an objection to the formation of an SSA is, it has to be a tax objection case. It can't be brought under a debt action. Anybody ever held that? So where to be the first? I'm not sure. Well, offhand, I cannot immediately point to a case and say this case has... I would have thought that both sides would have brought it up, frankly. That's why I said I don't think it's otherwise. We'd have a case, which we'd be glad to consider. But there are several cases that handle SSAs that are handled by the property tax code. And there are some, and there will be Peoples, that say that it's a debt action. It can be handled in a debt action. They cite four other cases saying... But Peoples is clearly distinguishable from this case. Based on timing, it is. Not only on timing. Peoples was a review of a city's ruling that an ordinance, an objection to the petition was filed for the city, and the city said that objection petition was not sustainable, and the Peoples case allowed a debt action to proceed to review that determination that the objection petition was improperly denied. There was no pre-creation objection petition alleged here. This case comes to us after this ordinance is created, these taxes are levied, these taxes are presumably paid, and now they want their money back, which is an anathema to the tax code. The tax code specifically wants taxes paid and refunded in a manner accorded by statute. This unauthorized by law exception is to be read narrowly, because the whole purpose of the code is to provide districts their collection, and if taxpayers are correct on objections such as this ordinance was invalid, they could obtain a refund with interest, and their interests are protected. Allowing declaratory actions merely based on pleadings of unauthorized by law without facts to back it up would eventually deprive government from this collection. Your time is up. Thank you very much, Larry. Mr. Golden, I'll direct you to page 48 of the transcript before Judge Paul where he addresses what you think he addresses. Okay. Thank you. Good morning. Amanda Jones for Far South. May it please the Court. In addition to the arguments that the City and the Treasurer have already offered, there is one additional basis that fully and independently supports Judge Paul's decision as to Far South, which is on the face of the amended complaint, there is one allegation that relates to Far South, and the amended complaint seeks relief of certification of a class, invalidation of the ordinance, and fees and costs. Far South is not responsible for the creation or the invalidation of an ordinance, and even if there was a tax refund request here, Far South is not responsible for levying or refunding taxes. So because the plaintiff hasn't requested any relief from Far South, nor is there really any relief that Far South would be capable of giving in this case, there's not a legally sufficient claim against Far South. In the circuit court, plaintiff argued that he had included Far South as an interested party, but as we said to the circuit court, just because a party may have an interest in monitoring a case isn't a reason to require them to expend the time and resources necessary to defend that case. For this additional reason, I believe the circuit court's judgment should be affirmed. Thank you. Mr. Zydekus, address that last argument first, and be very brief. As to Far South, Your Honor, they are the ones, the applicant that set up the SSA-45, which is what we allege, they're also the ones that are actually servicing the area. I think they have, as an interested party, they certainly have a right to be joined. Isn't their right, though? Don't they get to pick whether or not they want to come in and join, hop in the pool as opposed to being dragged into the pool? Well, the problem then, of course, you would have is you would have a judgment which may be entered, and, of course, they're affected by it, and we don't want them to come in and claim, well, you know what, you never gave us any notice, and we never had any time to contest it. It was their right to come in. They filed an appearance. What relief, if you were successful, would they provide you, or would they be liable for it? I'm not sure they would be liable for any relief. Well, then why have them in the lawsuit? I thought it was just fair, Your Honor, to put them on notice. A nominal party? Yeah. And I don't quite remember, but they may be in there as a nominal party in the first complaint, Your Honor. I'm not sure even if they are an actual party in the Second Amendment complaint. So you're not seeking any relief against them? Yeah, and if my memory serves me correct, Your Honor, it actually is in the complaint that we're not seeking relief against them and that we're simply joining them herein because they may be an interested party. If I can address some of the other issues, Your Honors. First of all, the city says that simply because they have power to act in that area, which I assume is the property tax area under the Constitution, that anything they do can't be held invalid. Well, I've given Your Honors an example, of course. They have the power to assess property taxes. They have the power to assess sales taxes. Well, no, they don't have the power to assess. The state has the power to assess sales taxes. But the city, of course, can't assess property taxes based on certain things, race, gender, what else. They have the power to assess property taxes. They don't have an open license to do anything they want despite that. And you don't even have to go to basing property taxes on race or gender. You can look at some of the other cases, like Rosewell and things, where the assessor is collecting an extra $10. In those cases held that these are unauthorized by law because the assessor doesn't have the authority to assess the extra $10 fee that they wanted to assess. So even in relatively small areas, if they really overstep the procedural bounds, which this statute assesses for them, they've been held to be invalid. The other thing is Mr. Bilton addressed the 27-40 Special Service Area section, and he tried to cite Your Honors by saying that a valid tax can't even be created before the certified copy of an ordinance is established. And under his review of this, this only invalidates the tax. Well, what that is is it says you can't start taxing until you have the ordinance in place. That's what that section says. If you go down in 27-40 and read a few sentences further, it says an ordinance establishing a Special Service Area recorded beyond the 60 days is not valid. It doesn't say a tax is not valid. It says an ordinance establishing a Special Service Area recorded beyond the 60 days is not valid. I find it difficult for them to firstly assume that we fall within the property tax code, and then based on that assumption say, well, even if a determination isn't made, your only relief is in the property tax code. The first question is whether we fall in there to begin with. If we do, then perhaps they're right, then our relief needs to be sought in the property tax code. But that's certainly something that the court needs to determine as an initial issue. The city has said that the purpose of the tax code is to provide some sort of stability, of course, for the city and other taxing districts to have funds coming in, and they've established an orderly way for people to get refunds. And according to their view, I guess, a declaratory judgment is some sort of disorderly way for people to go and get refunds. But Mr. Hawkins has to pay his property taxes, whether he files a declaratory judgment or not, as well as everybody else. There's nothing in the property tax code or any code that says, gee, when you file a declaratory judgment action, you don't have to pay your property taxes anymore until the circuit court makes a ruling. We've been paying our property taxes, or Mr. Hawkins has, since he filed this suit. There's nothing that is onerous for the city by having to defend against a declaratory judgment action. If it has to give the money back, it has to give the money back within a property tax code, or it has to give it pursuant to a declaratory judgment action. I'm not sure it has to give the money back sooner if a declaratory judgment action is filed as accorded to a property tax appeal. So the city is getting its money either way. I think the arguments that the defendants are making that are rather disingenuous, that Judge Paul made some sort of determination as to whether or not the requirements were met to establish a special service area. You know, courts decide issues based on the pleadings before them. Procedurally, we filed in chancery. The defendants came in and said, no, chancery judge, you can't hear this because it's a property tax code appeal. And they transferred us back down into the taxes and miscellaneous section. Then the only argument they made to Judge Paul is, well, it belongs as a property tax code appeal. You have no jurisdiction. I don't know. Perhaps Judge Paul made some sort of remarks on the record. But there were no issues before Judge Paul, at least as pled by any of us, as to assessing whether or not the ordinance was valid or invalid. You're not questioning on appeal that Judge Paul could rule on this matter, either as a tax action or as a tax objection, right? You're not objecting to the case that somehow the transfer from chancery is an appealable order, are you? No. And I suppose what really the law is is that the circuit court at Cook County, every judge has general jurisdiction. It's pretty much for administrative review. We wanted it to be up in chancery because we thought they would be more familiar with class actions, of course, and declaratory judgment actions. They wanted it downstairs in taxes and miscellaneous. But I agree that Judge Paul perhaps has the authority to rule on those issues. You have one minute. Your Honor has asked whether or not there was a need to remand. And admittedly, it isn't clear whether or not that is the full application that's in the record. But the alternative determination is whether or not to – there are two bases for invalidating the ordinance. One is they had an improper applicant. The other is it wasn't recorded within the 60 days. Let's assume just for purposes of argument that they had a proper applicant. Well, the other way you can invalidate the ordinance is because it wasn't recorded within the 60 days. And, in fact, the statute specifically says if the ordinance isn't recorded within 60 days, it's not valid. That's something that's a matter of public record, unless Your Honors want to believe that recording simply means filing. But Your Honors can simply go, like I said before, and look at the PIN numbers that are in the record and look to see whether or not SSA 45 is recorded against the property owners. But the city never formally responded to that allegation, did they? No, I don't believe they did, Your Honor. So now you think it would be fair to give them an opportunity to address that issue, and maybe they do have an answer to your satisfaction. Maybe they'll concede. I don't know. Don't you think the proper procedure would be to get pleadings before a court so the parties can evaluate, the judge can evaluate, and make a judicial determination? I agree with Your Honor. It probably is in all fairness. I mean, as we said before, pleadings before the court are what frame the issues, and the parties should have a right to contest the issues and present whatever evidence they have. If there are no further questions, Your Honor, thank you very much. Thank you. Thank you for the arguments and the briefs. This case will be taken under advisement, and this Court will be adjourned.